Filed 6/17/24  P. v. Harless CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

----

| | |
|---|---|
| THE PEOPLE, | C099672 |
| Plaintiff and Respondent, | (Super. Ct. No. 98F06291) |
| v. | |
| BENJAMIN HARLESS, | |
| Defendant and Appellant. | |

In April 1998, as a juvenile, defendant Benjamin Harless was convicted of robbery and second degree murder and received a sentence of 15 years to life in prison.  Almost a year later, a jury found defendant guilty of threatening a witness and terrorist threats. The trial court sentenced defendant to 25 years to life.

In 2023, the trial court denied defendant's petition for resentencing filed pursuant to Penal Code section 1170, subdivision (d)(1) (unless otherwise stated, statutory section citations that follow are to the Penal Code) because defendant had not been sentenced to life without parole and his sentence was not the functional equivalent of life without parole.  On appeal, defendant argues the trial court erred in this determination.  He further

1

argues we should order the trial court to hold a hearing pursuant to section 3051. We affirm the trial court's order.

## FACTS AND HISTORY OF THE PROCEEDINGS

This case arises from defendant's two prior convictions as a juvenile. Defendant was born in 1981. In December 1997, at the behest of a third person, defendant went to the 70-year-old victim's home to collect on a $50 debt owed to that third person. The third person also instructed defendant to teach the victim a lesson. Doing as instructed, when he went to collect the debt, defendant repeatedly hit the victim in the head with a metal baseball bat brutally killing him. He then stole a gun and jewelry and set the victim's home on fire. Defendant was convicted of second degree murder and robbery (§§ 187, 212.5) and the trial court sentenced defendant to 15 years to life on the count charging murder with a nine-year concurrent sentence for the robbery.

In 1998, defendant was in a courthouse holding cell waiting to testify in a murder trial. When he saw the victim of the threats and intimidation charges later brought against him, defendant started shouting loud and angry threats at her, "Bitch! You testify and I'll kill you! You testify and I'll kill your family." Later when the officers returned to his cell, defendant was still extremely agitated and yelled he was not afraid of them. Defendant said, "I heard [the victim] crying, was she? Good, I hope so, she deserves it, the bitch."

A jury convicted defendant of threatening a witness and terrorist threats. (§§ 136.1, subd. (c), 422.) The trial court sentenced defendant to three strike sentences of 25 years to life (§§ 667, subds. (b)-(i), 1170.12) for each count but stayed the sentence on the terrorist threats pursuant to section 654. The trial court ordered the new sentence to be served consecutive to his existing 15-year-to-life sentence.

In 2023, defendant filed a petition seeking to have his sentence recalled and for a new sentencing hearing pursuant to section 1170, subdivision (d)(1). The trial court

2

denied the petition finding defendant's sentence was neither a life without parole sentence nor its functional equivalent and denied the petition.

Defendant filed a timely notice of appeal.

## DISCUSSION

Defendant first argues the trial court erred in finding his 40-year-to-life sentence was not the functional equivalent of life without parole, and thus he was entitled to be resentenced under section 1170, subdivision (d). We disagree.

Section 1170, subdivision (d) provides, "When a defendant who was under 18 years of age at the time of the commission of the offense for which the defendant was sentenced to imprisonment for life without the possibility of parole has been incarcerated for at least 15 years, the defendant may submit to the sentencing court a petition for recall and resentencing." Under its express terms, this resentencing opportunity is limited to juvenile defendants who have been sentenced to life without a parole term.

*People v. Heard* (2022) 83 Cal.App.5th 608 (*Heard*) extended the reach of this statute. In *Heard*, the trial court sentenced the minor defendant to 23 years plus 80 years to life for two counts of willful, deliberate, and premeditated murder, along with enhancements for committing the crime for the benefit of a criminal street gang and using a firearm and voluntary manslaughter. (*Id.* at pp. 613-614.) In rejecting his subsequent petition for resentencing, the trial court concluded this sentence was not a life without parole and he was therefore statutorily ineligible for resentencing under section 1170, subdivision (d). (*Heard,* at pp. 621-622.)

The appellate court agreed the trial court's ruling was correct as a matter of statutory interpretation. (*Heard, supra*, 83 Cal.App.5th at p. 626.) But the appellate court further concluded that denying juvenile offenders who were sentenced to the functional equivalent of life without parole the opportunity to petition for resentencing violates the constitutional guarantee of equal protection. (*Ibid*.) In examining

3

defendant's sentence, the appellate court concluded because defendant would have to serve 103 years before becoming eligible for parole, his sentence was a de facto life without parole sentence.  (*Id.* at p. 629.)  The appellate court was "unable to identify a rational basis for making juveniles sentenced to an explicitly designated life without parole term, but not juveniles sentenced to the functional equivalent of life without parole, eligible to petition for resentencing under section 1170, subdivision (d)(1).  As a consequence, denying [the defendant] the opportunity to petition for resentencing under this provision violates his right to equal protection of the laws."  (*Id.* at pp. 633-634, fn. omitted.)

Here, the case turns on the question of whether defendant's sentence of 40 years to life for his homicide, robbery, intimidating a witness and terrorist threats imposed upon him for crimes he committed as a juvenile is the functional equivalent of life without parole.  We conclude it is not.

*People v. Franklin* (2016) 63 Cal.4th 261 provides us with some guidance.  In *Franklin,* the defendant was convicted of a first degree murder he committed when he was 16 years old and sentenced to 50 years to life in prison.  (*Id.* at p. 268.)  The defendant was entitled to parole consideration after 25 years pursuant to section 3051.  (*Id.* at p. 269.)  In discussing its prior precedent that a 110-year-sentence was the functional equivalent of life without parole, the *Franklin* court noted that defendant's life expectancy was a relevant factor in determining whether the sentence is that functional equivalent for a murderer.  (*Id.* at pp. 275-276, [quoting from *Sumner v. Shuman* (1987) 483 U.S. 66, 83, ["there is no basis for distinguishing . . . between an inmate serving a life sentence without possibility of parole and a person serving several sentences of a number of years, the total of which exceeds his normal life expectancy"].)  The *Franklin* court continued, "we did not further elaborate what it means for a sentence to be the 'functional equivalent' of [life without parole], and we left open how our holding should be applied in the case of a juvenile homicide offender."  (*Franklin,* at p. 276.)

Ultimately, the *Franklin* court concluded that the de facto sentence the defendant received (25 years to life) was not the functional equivalent of life without parole noting the defendant "does not argue that a life sentence with parole eligibility during his 25th year of incarceration, when he will be 41 years old, is the functional equivalent of [life without parole]. We conclude that such a sentence is not the functional equivalent of [life without parole]." (*Id.* at p. 279.)

In support of his appeal, defendant cites *People v. Contreras* (2018) 4 Cal.5th 349. There, the Supreme Court in *Contreras* held sentences of 50 years to life and 58 years to life for nonhomicide offenses committed by two 16-year-old defendants violated the Eighth Amendment. (*Id*. at p. 356.) As a result, it directed the trial court on remand to consider "any mitigating circumstances of defendants' crimes and lives, and the impact of any new legislation and regulations on appropriate sentencing." (*Id*. at p. 383.) The *Contreras* court acknowledged its holding in *Franklin* that 25 years to life was not the functional equivalent of life without parole. (*Id.* at p. 359.) The *Contreras* court, however, rejected the Attorney General's proffered "life expectancy" test as the bright line arbiter of whether a sentence is the functional equivalent of life without parole. (*Id.* at pp. 368-370.) It did so because that test would in and of itself potentially inject discriminatory treatment for persons based on their life expectancy noting that women often live longer than men and certain groups live longer than others. (*Id.* at pp. 361-363.)

Turning to the specific sentences imposed in its case, the *Contreras* court concluded the term of 50 years to life would not allow a juvenile offender to rejoin society for a sufficient period to achieve reintegration as a productive and respected member of the citizenry. (*People v. Contreras, supra,* 4 Cal.5th at p. 368.) The court further concluded a 50-year-to-life sentence for a juvenile -- that contemplates returning defendant to society in his late sixties or early seventies -- would deny the defendant the incentives to change going forward and has an attenuated relationship to any penological

5

goals for nonhomicide offenders. (*Id.* at pp. 368-369.) Further, the conclusion that this sentence was a functional equivalent of a life without parole sentence was consistent with conclusions reached in other states. (*Id.* at p. 369 [citing examples of sentences of 50 years, 45 years to life, 75 years [with parole eligibility at 52.5 years], 57 years [with a possible reduction to 50 years].)

Here, defendant concedes he will be eligible for parole consideration at the age of 56. Thus, he is not serving a sentence like the 103-year-to-life sentence given to the defendant in *Heard.* While we conclude the *Contreras* limitation of 50 years to life for nonhomocide offenses does not provide us with relevant guidance for this juvenile murderer, we also conclude the potential for defendant's release at 56 years of age is fundamentally different than a release a decade later in his late sixties or into his seventies. This release date gives defendant the opportunity to rejoin society for a sufficient period to achieve reintegration as a productive and respected member of the citizenry. It also provides an incentive to change for the better while he is in prison and is in line with the penological goals for sentencing murderers. The *Franklin* court's conclusion that 25 to life for a homicide defendant was not the functional equivalent of life without parole supports our conclusion as well. Thus, we agree with the trial court that this sentence is not the functional equivalent of life without parole.

We further reject defendant's attempt to inject extrajudicial evidence in his reply brief for the first time as to the practices of the parole board, as we treat arguments raised for the first time in a reply brief as forfeited. (*People v. Rangel* (2016) 62 Cal.4th 1192, 1218.)

Finally, defendant requests that we join any remand order we issue with a direction to the trial court to hold a hearing pursuant to *People v. Franklin, supra,* 63 Cal.4th at page 268, to allow defendant to present mitigating factors defendant could present to the parole authority. Because we affirm the order on the resentencing petition, we decline this invitation without prejudice to defendant's ability to file a motion in the

6

trial court in the first instance under section 1203.01.  (*In re Cook* (2019) 7 Cal.5th 439, 455-456, 458.)

## DISPOSITION

The order denying the defendant's petition is affirmed.


                    _____

                    HULL, Acting P. J.


We concur:


_____

MAURO, J.


_____

WISEMAN, J.*

---

* Retired Associate Justice of the Court of Appeal, Fifth Appellate District, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.